UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**IN RE:**

**LAMONT SHEPARD,**

No. 1:26-mc-00132-SAB

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM E-FILING PROCEDURES AS MOOT

(ECF No. 1)

On October 28, 2026, inmate James Cramer filed a motion for leave and/or exemption from the requirement to electronic file his civil rights complaint pursuant to 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

On March 1, 2016, this Court issued a Standing Order for the United States District Court for the Eastern District of California, Fresno Division, that describes a pilot program in which the Court and the California Department of Corrections and Rehabilitation (CDCR) have agreed to participate in a program whereby initial pleadings submitted by prisoners in civil rights cases involving conditions of confinement claims are electronically filed. As part of this pilot program, CDCR has agreed to collaborate with the Court to obtain and maintain participating penal institutions under the program. Participating penal institutions shall be those institutions which CDCR and the Court agree shall participate in the program. This pilot program is designed to

reduce the costs of processing court filings in civil rights cases brought by incarcerated Plaintiffs pursuant to 42 U.S.C. § 1983. This Standing Order only applies to initial filings by Plaintiffs which is defined as the complaint, an application to proceed *in forma pauperis* without prepayment of fees, or a motion seeking relief from this Standing Order or a motion for emergency relief. At a CDCR participating facility, no initial documents will be accepted for filing by the Clerk of the Court unless done pursuant to the Standing Order or the scanning equipment is inoperable for a period longer than forty-eight (48) hours. After the initial filings, all other filings shall be mailed and comply with the Local Rules for the United States District Court for the Eastern District of California. Issues regarding access to the e-filing program in the Fresno Division of this Court are referred to the undersigned for determination and authorization to open a miscellaneous proceeding prior to accepting the civil complaint should the magistrate judge deem it necessary.

Plaintiff has filed a request to be exempt from the e-filing requirement. The Court directed Supervising Deputy Attorney Bragg to file a response to the motion, and on November 5, 2026, Bragg complied. (ECF No. 3.) In the response, Bragg outlines that from his view Plaintiff did not submit a written request for law library access in October 2026, nor did Plaintiff send the complaint to the law library for electronic filing via institutional mail. (Id.) In any event, on November 2, 2026, the Senior Librarian met with Plaintiff and e-filed the complaint. (Id.) Accordingly, because Plaintiff electronically filed the instant complaint which is pending review in Case No. 1:26-cv-08963-KES-EGC (PC), his motion to be exempt from the electronic filing requirement is now moot.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request to be exempt from the e-filing requirement is DENIED as MOOT; and
2. The instant miscellaneous action should be closed.

IT IS SO ORDERED.

Dated: **November 5, 2026**

STANLEY A. BOONE
United States Magistrate Judge